FILED
SUPERIOR COURT
OF GUAM

2022 MAR 14 AM 9: 35

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0111-21 |
|---|---|
| vs. | DECISION AND ORDER |
| ERIK JOSHUA FERNANDEZ DE SOTO, | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on February 15, 2022, for hearing on Defendant **ERIK JOSHUA FERNANDEZ DE SOTO's** ("Defendant") Motion for Adjudication through a Deferred Plea. Present remotely were Assistant Attorney General Minji Kim on behalf of the People of Guam ("the Government") and Defendant with counsel, Assistant Alternate Public Defender Brycen Breazeale. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On May 7, 2021, Defendant was charged with one count of Violation of a Court Order (As a Misdemeanor) and Harassment (As a Petty Misdemeanor). (Magistrate's Compl., May 7, 2021). These charges stem from allegations that Defendant violated orders in Protective Order Case No. PO0080-20. (Decl. of Alysa Draper-Dehart, Magistrate's Compl., May 7, 2021). On or about May 6, 2021, GPD Officers were called by Defendant who was across the street from the alleged victim's home because he was worried about his daughter E.D.S. (DOB:

04/06/2017). *Id.* Officers spoke to the alleged victim who stated that she was inside her residence with her daughter and Defendant showed up at her house and started to yell. *Id.* Officers talked to Defendant who was aware of the protective order, but continued to yell out to the victim's home, even after officers told him to stop. *Id.*

On January 22, 2022, Defendant filed a Motion for Adjudication through a Deferred Plea. On February 15, 2022, the Government filed its Opposition. On February 15, 2022, the Court also heard oral arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court for an order allowing him to enter a deferred guilty plea pursuant to 9 G.C.A. § 30.80. *See generally,* Mot., Jan. 22, 2022. The Government opposes, arguing that Defendant is forcing the Court to become a party to the ongoing plea bargaining process, which the court is statutorily prohibited from participating in, and that Defendant is not eligible for a deferred plea agreement under 9 G.C.A. § 30.80 because he is not charged with Family Violence. *See generally,* Opp'n, Feb. 15, 2022.

Title 9 section 30.80, entitled "Deferred Guilty Plea for Family Violence," provides in relevant part that:

> Upon a proper motion, when a defendant voluntarily pleads guilty, prior to the commencement of trial, to a misdemeanor charge of family violence, as defined in this Chapter, he or she is found eligible for a deferred guilty plea pursuant to § 30.80.1 of this Chapter, and the defendant agrees to participate in education, counseling and/or treatment program(s) as directed by the court, the court may defer criminal proceedings until such a time as may be required for the defendant to complete the education, counseling and/or treatment program(s). . . .

9 G.C.A. § 30.80. Section 30.80.1 delineates factual circumstances that make a defendant ineligible for a deferred plea,[1] and further sets forth that "[t]he fact that a defendant is not made

---

[1] Section 30.80.1 provides in relevant part that:

> Notwithstanding any other provision of law, and upon the determination of the judge, this § 30.80.1 shall apply whenever a case is before the court upon an accusatory pleading for any

ineligible by Subsection (a) of this § 30.80.1 does not automatically entitle a defendant to the deferred guilty plea for family violence." 9 G.C.A. § 30.80.1(b).

The interpretation of a statute is a legal question and always begins with the language of the statute. *Data Management Resources, LLC v. Office of Public Accountability*, 2013 Guam 27 ¶ 17 (citation omitted). *See also People v. Gutierrez*, 2005 Guam 19 ¶ 62. A statute's plain meaning prevails "where there is no clearly stated legislative intent to the contrary." *Data Management Resources*, 2013 Guam 27 ¶ 17. Nonetheless, "such language need not be followed where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." *People v. Manila*, 2015 Guam 40 ¶ 47 (quoting *Sumitomo Constr., Co. v. Gov't of Guam*, 2001 Guam 23 ¶ 17).

Section 30.80 unambiguously applies to a defendant who pleads guilty to misdemeanor family violence and is eligible for a deferred plea pursuant to factors set forth in section 30.80.1. Defendant concedes that he "is not specifically charged with the crime of Family Violence," but argues that he should be allowed to enter a deferred plea because he is charged under the same statutory chapter. *See* Mot. at 3. Defendant is charged with Violation of a Court Order (As a Misdemeanor) pursuant to 9 G.C.A. § 30.40(a)(1), and Harassment (As a Petty Misdemeanor)

---

criminal act against a family or household member as defined in Subsection (b) of § 30.10 of this Chapter.

(a) The following persons are ineligible for the deferred guilty plea for family violence process:

(1) a defendant who has a felony conviction for any offense involving violence within seven (7) years prior to the alleged commission of the charged offense;

(2) a defendant who has participated in a diversion or deferred plea program for family violence, or a similar offense in Guam or another locality;

(3) a defendant who has been sentenced for a violation of § 30.40 of this Chapter within one (1) year prior to the alleged commission of the charged offense; or

(4) a defendant whose current charge involves serious bodily injury as defined in Subsection (c) of § 16.10, Chapter 16 of this Title, or criminal sexual conduct involving sexual penetration as defined in Item (9) of Subsection (a) of § 25.10, Chapter 25 of this Title, unless the court finds that due to unusual circumstances deferral of the criminal proceedings is manifestly in the interest of justice.

9 G.C.A. § 30.80.1(a).

pursuant to 9 GCA § 61.20(a). *See* Magistrate's Compl., May 7, 2021. Defendant argues that "the Deferred Plea eligibility should be addressed for any person charged for a crime under Chapter 30 of Title 9 G.C.A. against a family or household member," because section 30.80.1 "explicitly applies for any crime against 'a family or household member.'" (Mot. at 4). The Court finds that while the offense of violation of a court order falls under the same chapter as the offense of family violence, this does not equate to Defendant automatically being statutorily eligible for a deferred plea. Although section 30.80.1 provides that it "shall apply whenever a case is before the court upon an accusatory pleading for any criminal act against a family or household member," the Court declines to read section 30.80.1 in isolation of section 30.80, which provides for what is required for the Court to defer criminal proceedings. The Court further finds that had the Legislature intended on defendants charged with violation of a court order to be eligible for a deferred plea, it would have specifically included a provision for it.

The Family Violence Act was enacted in 1994 by the Legislature:

1. To promote the protection and safety of all victims of family violence in a fair, prompt, and effective manner, and to prevent future violence in all families;

2. To promote early intervention in situations of family violence by giving clear authorization to peace officers to arrest offenders when there is reasonable cause, and to assist the prosecution of these cases by defining a criminal violation—family violence—which may be charged in addition to any other crimes that may have been committed;

3. To send a clear message to victims and abusers alike that repeat offenders, and persons who violate court orders that are intended to protect victims, will be swiftly arrested and subjected to prosecution;

4. To assist Guam's heavily burdened courts in handing these cases of family violence by giving judges greater authority to divert appropriate defendants into enforced education and treatment programs, as well as providing for mandatory penalties in certain situations; and

5. To give victims and families greater access to the courts by providing for pre-trial procedures at which the testimony of the victim may be considered.

(Public Law 22-160: 1 (Dec. 30, 1994)). Sections 30.90 and 30.80.1 through 30.80.5 of the Family Violence Act were subsequently repealed and reenacted by the Legislature "to replace Guam's domestic violence diversion program with a deferred plea program." (Public Law 31-109:1 (Sep. 30, 2011)). In 2013, the Legislature amended the penalties for violations of Title 9 Chapter 30. (Public Law 32-017 (Apr. 11, 2013)). The Legislature did not amend the Family Violence Act at any time to give a defendant who pleads guilty to the offense of violation of a court order the possibility of a deferred guilty plea.

Further, family violence deferred plea agreements are not a guaranteed right, as "[t]he fact that a defendant is not made ineligible by Subsection (a) of this § 30.80.1 does not automatically entitle a defendant to the deferred plea for family violence." 9 G.C.A. § 30.80.1(b). Although the Court has some discretion in whether or not a defendant may be denied a deferred family violence plea despite apparent eligibility, *see* 9 G.C.A. § 30.80.2,[2] the underlying requirements of a deferred family violence plea do not appear to be discretionary. The law clearly sets forth that only after a defendant "voluntarily pleads guilty, prior to the commencement of trial, *to a misdemeanor charge of family violence*, as defined in this Chapter," and he or she is deemed eligible for a deferred guilty plea and agrees to participate in education, counseling, and/or treatment programs, then the Court "may defer criminal proceedings until such a time as may be required for the defendant to complete the education, counseling and/or treatment program(s)." 9 G.C.A. § 30.80 (emphasis added). Accordingly, the Court finds that Defendant is statutorily ineligible for a deferred plea agreement pursuant to

---

[2] Section 30.80.2 provides in relevant part that:

> The court, in determining the defendant's eligibility for a deferred guilty plea, shall consider the nature and extent of the injury inflicted upon the victim, any prior incidents of family violence by the defendant, and any factors which would adversely influence the likelihood of successful completion of the deferred guilty plea agreement. If the court does not deem the defendant a person who would be benefited by a deferred guilty plea, or if the defendant does not consent to participate, the criminal proceedings shall continue as in any other case.

9 G.C.A. § 30.80.2.

---

*People v. De Soto*
Case No. CM0111-21
Decision and Order

the Family Violence Act for the offense of Violation of a Court Order (As a Misdemeanor), and denies Defendant's Motion for Adjudication through a Deferred Plea.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Adjudication through a Deferred Plea. Parties shall return for a Status Hearing on **April 11, 2022** at **9:30 a.m.** via teleconference.

**IT IS SO ORDERED** this 14th day of March, 2022.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam